```
                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
                                  AT TACOMA
```

| | |
|---|---|
| TONY J JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN LARSON, LAKEWOOD POLICE DEPT, CITY OF LAKEWOOD, LAKEWOOD TOWING, HOMELAND SECURITY INVESTIGATIONS,<br><br>　　　　　　Defendants. | CASE NO. 3:15-CV-05258-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 14, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Before the Court is plaintiff's motion for default judgment against defendant Lakewood Towing. Dkt. 9. The Court recommends denying plaintiff's motion because the Court's file shows that an answer was filed. Dkt. 16.

Federal Rule of Civil Procedure 55 gives a plaintiff the ability to move for default judgment if a defendant fails to plead or otherwise defend in a civil action. Fed. R. Civ. P. 55.  It

REPORT AND RECOMMENDATION - 1

is in the court's discretion to grant or deny a motion for default, however, default is disfavored and "whenever it is reasonably possible cases should be decided upon their merits." *In re Hammer,* 940 F.2d 524, 525 (9th Cir. 1991) (quoting *Gregorian v. Izestia,* 871 F.2d 1515, 1523 (9th Cir. 1989)). The entry of default judgment is a drastic step that a court should decline to take if defendants show intent to defend. *See generally Wilson v. Moore & Associates, Inc.,* 564 F.2d 366, 369 (9th Cir. 1977). *See also Chevalier v. Sutter Hotel*, WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (declining to enter default judgment when defendant submitted its responsive pleading eight days beyond the prescribed deadline) (citing *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir.1986) (holding late-filed responsive pleading justified denial of default judgment)). An answer is a responsive pleading. *See* Fed. R. Civ. P. 6. A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days after the request for a waiver of service is sent. *See* Fed. R. Civ. P. 12.

Here, defendant Lakewood Towing did not waive service but filed an answer on June 19, 2015. Dkt. 16. While defendant Lakewood Towing failed to file their answer within the 21-day proscribed period, it would be inappropriate in this case to grant a default judgment because defendant Lakewood Towing demonstrated its intent to defend, albeit late, and default judgment would deprive defendant Lakewood Towing of the opportunity to defend the case on the merits. Accordingly, the Court recommends that the motion for default judgment against Lakewood Towing be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION - 2

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 14, 2015, as noted in the caption.

Dated this 20th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3