UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY J JACKSON,<br><br>     Plaintiff,<br><br>  v.<br><br>RYAN LARSON, LAKEWOOD POLICE DEPT, CITY OF LAKEWOOD, LAKEWOOD TOWING, HOMELAND SECURITY INVESTIGATIONS,<br><br>     Defendants. | CASE NO. 3:15-CV-05258-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 14, 2015 |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

  Before the Court is plaintiff's motion for default judgment against defendant Lakewood Police Department. Dkt. 10. Defendant Lakewood Police Department filed a response alleging that defendant is not a legal entity and, therefore, has never been served with plaintiff's

REPORT AND RECOMMENDATION - 1

1  complaint. Dkt. 18. The Court recommends denying plaintiff's motion as the Court's file shows
2  that defendant Lakewood Police Department was not properly served.

3  Federal Rule of Civil Procedure 55, which governs the entry of default, gives plaintiff the
4  ability to move for default judgment if a defendant fails to plead or otherwise defend in a civil
5  action. Fed. R. Civ. P. 55.  However, where a defendant has not been properly served, he does
6  not yet have a duty to plead, and entry of default is inappropriate. *Williams v. Kushner,* 2011 WL
7  1045092, at *1 (N.D. Cal. Mar. 23, 2011) (citing *Fisher v. Lynch,* 531 F.Supp.2d 1253, 1269 n.
8  12 (D. Kan. 2008)). A party's duty to file a responsive pleading to a complaint under Rule 12 is
9  triggered only upon sufficient service of process. *See Worrell v. B.F. Goodrich Co.,* 845 F.2d
10 840, 841-42 (9th Cir. 1988).

11 Here, plaintiff was granted leave to proceed *in forma pauperis* (Dkt. 3) and filed a
12 complaint on May 4, 2015 (Dkt. 4). Plaintiff did not supply service addresses for the five named
13 defendants: Lakewood Police Department, Ryan Larson, City of Lakewood, Lakewood Towing,
14 and Homeland Security Investigations. The Clerk's Office attempted to locate the proper service
15 addresses for each defendant and mailed them the complaint and waivers of service forms. *See*
16 Dkt. 5. However, the Clerk's Office is not responsible for verifying an appropriate service
17 address for any of the defendants.

18 Defendants Ryan Larson and the City of Lakewood returned waivers of service (Dkt. 8)
19 and filed an answer (Dkt. 12). Defendant Lakewood Towing filed an answer (Dkt. 16).
20 Defendants Lakewood Police Department and Homeland Security Investigations failed to timely
21 return the signed waiver of service and have not filed an answer.

22 On June 15, 2015, plaintiff filed three motions for default judgment. Dkts. 9, 10, 11.
23 Defendant Lakewood Police Department filed a response on June 19, 2015 alleging that
24

1  defendant was not a legal entity and had not been properly served with plaintiff's complaint. Dkt.
2  18. The Court entered an order on June 24, 2015 directing plaintiff to provide the complete
3  addresses for defendants Lakewood Police Department and Homeland Security Investigations by
4  July 24, 2015 so that the Court could again attempt service by mail. Dkt. 19.

5  Plaintiff has not provided the Court with an address of defendant Lakewood Police
6  Department and defendant has not yet been served with plaintiff's complaint. Without sufficient
7  service, defendant Lakewood Police Department's duty to plead and respond to plaintiff's
8  complaint has not been triggered. *See Williams,* 2011 WL 1045092 at *1. Accordingly, as
9  defendant Lakewood Police Department has not yet been properly served, the Court recommends
10 that plaintiff's motion for default judgment be denied.

11 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
12 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
13 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
14 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
15 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
16 August 14, 2015, as noted in the caption.

17 Dated this 20th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge