UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY J JACKSON,

               Plaintiff,

    v.

RYAN LARSON, LAKEWOOD POLICE
DEPT, CITY OF LAKEWOOD,
LAKEWOOD TOWING, HOMELAND
SECURITY INVESTIGATIONS,

               Defendants.

CASE NO. 3:15-CV-05258-RJB-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Before the Court is plaintiff's motion to substitute defendant Homeland Security Investigations with defendants "Reese, Berg, Special Agent." Dkt. 20. Defendants have not filed a response to plaintiff's motion. *See generally* Dkt.

Plaintiff cites as support for this motion Federal Rule of Civil Procedure 25(d). *See* Dkt. 20. However, Federal Rule of Civil Procedure 25(d) gives plaintiff the ability to substitute a

public officer if the named defendant dies or otherwise ceases to hold office.  Fed. R. Civ. P. 25(d).  Plaintiff's original complaint did not name a public officer and instead named Homeland Security Investigations as defendant. Dkt. 4. Thus, Federal Rule of Civil Procedure 25(d) is not applicable in this circumstance.

Further, plaintiff's motion to substitute attempts to amend the original complaint by adding defendants "Reese, Berg, Special Agent" and removing defendant Homeland Security Investigations. *See* Dkt. 20. The Court will not accept the amendment in this form because neither plaintiff's complaint nor his motion to substitute include any facts or allegations related to the defendants he seeks to substitute. *See* Dkt. 4, 20.  Accordingly, plaintiff's motion to substitute defendant (Dkt. 20) is denied.

The Court does, however, grant plaintiff leave to amend his complaint as a matter of course.  Under Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants City of Lakewood, Ryan Larson, and Lakewood Towing filed answers -- responsive pleadings -- on June 17, 2015 and June 19, 2015. Dkts. 12, 16.  Plaintiff filed his motion to substitute less than 21 days later on June 24, 2015. *See* Dkt. 20. The Court, therefore, grants plaintiff's motion to amend as a matter of course.

In addition, plaintiff is advised that the amended complaint will operate as a complete substitute for (rather than a mere supplement to) the original complaint (Dkt. 4).  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never

1    existed.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Reference to a prior

2    pleading or another document is unacceptable – once plaintiff files an amended complaint, the

3    original pleading or pleadings will no longer serve any function in this case. Therefore,

4    plaintiff's request to "supplement" his amended complaint is denied.  Plaintiff must file a new

5    and complete complaint – which he should title "First Amended Complaint."  All claims and the

6    involvement of every defendant should be included in the first amended complaint; otherwise,

7    the claims will no longer be the subject of the action.

8         Plaintiff's motion to substitute defendant (Dkt. 20) is denied.  Plaintiff may file an

9    amended complaint on or before September 25, 2015.  If plaintiff fails to submit a complete

10   amended complaint by that date, this action will proceed on the original complaint (Dkt. 4).

11         Dated this 25th day of August, 2015.

12

13                          J. Richard Creatura

14                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER - 3