UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY J JACKSON,

           Plaintiff,

   v.

RYAN LARSON et al.,

           Defendants.

CASE NO. 3:15-CV-05258-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 20, 2015

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is plaintiff's voluntary motion to dismiss defendant Reesburg (Dkt. 35). The undersigned recommends that the motion be granted.

**BACKGROUND**

The Court granted plaintiff *in forma pauperis* status May 4, 2015 (Dkt. 3). Plaintiff filed his complaint on the same date (Dkt. 4). On July 8, 2015, plaintiff filed a motion to substitute defendant Homeland Security Investigations with defendants "Reese, Berg, Special Agent." Dkt.

REPORT AND RECOMMENDATION - 1

1    20. The Court denied plaintiff's motion but granted plaintiff leave to amend his complaint. Dkt.

2    28.

3          Plaintiff filed his first amended complaint against defendants City of Lakewood,

4    Lakewood Towing, Ryan Larson, and SA Reeseburg on September 2, 2015. Dkt. 29. On

5    September 28, 2015, plaintiff filed a motion to voluntarily dismiss defendant Reeseburg from

6    this case. Dkt. 35. Defendant Reeseburg has not filed an answer to plaintiff's first amended

7    complaint.

8          **DISCUSSION**

9          Rule 41 of the Federal Rules of Civil Procedure sets forth the circumstances under which

10   an action may be dismissed.  Under Rule 41(a)(1), an action may be dismissed by the plaintiff

11   without order of court:

12         (i) by filing a notice of dismissal at any time before service by the adverse party
     of an answer or of a motion for summary judgment, whichever first occurs, or (ii)
13   by filing a stipulation of dismissal signed by all parties who have appeared in the
     action.
14

     Fed. R. Civ. P. 41(a)(1).
15

16         After service of an answer or a motion for summary judgment, dismissal by plaintiff must

     be sought under Rule 41(a)(2), which provides, in part, that: "[e]xcept as provided in Rule
17

     41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that
18

     the court considers proper." Fed. R. Civ. P. 41(a)(2).
19

           Plaintiff filed his motion to dismiss defendant Reeseburg prior to the filing of defendant's
20

     answer.  The Court recommends that plaintiff's motion to dismiss defendant Reeseburg (Dkt. 35)
21

     be granted and that the Court dismiss this action against defendant Reeseburg without prejudice.
22

           Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
23

     Procedure, the parties shall have fourteen (14) days from service of this Report and
24

REPORT AND RECOMMENDATION - 2

1 | Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections
2 | will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140
3 | (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
4 | matter for consideration on **November 20, 2015**, as noted in the caption.

Dated this 27th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge