UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY J JACKSON,

          Plaintiff,

    v.

RYAN LARSON et al.,

          Defendants.

CASE NO. 3:15-CV-05258-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 4, 2015

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

      In this 42 U.S.C. § 1983 civil-rights action, Plaintiff Tony Jackson names Ryan Larson, City of Lakewood, SA Reeseburg and Lakewood Towing as defendants. Dkt. 29. Plaintiff alleges that while he was incarcerated at the SeaTac Detention Center, plaintiff's car was seized by defendant City of Lakewood and was auctioned for sale by defendant Lakewood Towing. *Id.* Plaintiff seeks $164,500.00 in damages. *Id.* Plaintiff alleges defendant Lakewood Towing violated plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.

REPORT AND RECOMMENDATION - 1

Before the Court are defendant Lakewood Towing's motion for summary judgment (Dkt. 30) and plaintiff's motion for summary judgment (Dkt. 40). The Court recommends that defendant's motion be granted and that plaintiff's motion be denied. As to plaintiff's claim that his rights under the Fifth Amendment were violated, plaintiff may not bring a civil rights action alleging a takings violation unless he has unsuccessfully attempted to obtain just compensation through state mechanisms. With respect to plaintiff's due process claim, the state provides due process for unauthorized intentional property loss through the state tort claims act and thus, plaintiff's claim is not cognizable as a civil rights action.

## BACKGROUND

In his sworn amended complaint, plaintiff alleges that on June 16, 2014, he was sitting in his car, located at his private residence in Portland, Oregon. Dkt. 29 at 3. Plaintiff alleges that he was approached and arrested "for a federal warrant issued by the Western District of Washington with out a warrent [sic] or concent [sic] my 2003 Range Rover … was search[ed] by officers and seized by (HSI) Tacoma lead investigator Reeseburg where he transported or caused it to be transported to Ryan Larson of the Lakewood Police Office." *Id.*

Plaintiff alleges that on June 27, 2014, he received a notice of seizure and forfeiture from defendant City of Lakewood while being housed at the SeaTac Detention Center. *Id.* On July 15, 2014, plaintiff alleges that he received a notice that defendant City of Lakewood issued a "dismissal in the interest of justice on said vehicle dated [July 8, 2014]." *Id.* On July 17, 2014, plaintiff requested that his vehicle be released to his mother but plaintiff states that his mother was not successful in getting in touch with the office "that requir[ed] [authority] to release it."*Id.* Plaintiff alleges that defendant Larson responded and disregarded plaintiff's mother's request and informed plaintiff's mother that the vehicle was being assumed by the federal government.

*Id.* Plaintiff alleges that he was not informed that his vehicle was being assumed by the federal government and that his public defender finally told plaintiff that plaintiff's vehicle had been auctioned off by defendant Lakewood Towing in January 2015 and that the proceeds had been awarded to the Lakewood Police Department. *Id.*

In support of its motion for summary judgment, defendant Lakewood Towing submits the declaration of Ron Eaton, owner of Lakewood Towing. Dkt. 31. Mr. Eaton states that defendant Lakewood Towing is under a contract with defendant City of Lakewood to process impounded cars. *Id.* at 1. Mr. Eaton further states that defendant Lakewood Towing impounded the vehicle owned by plaintiff, the vehicle was turned over to defendant's lot for storage and disposition, and that the "owner never came to pick it up." *Id.* Defendant states that it mailed a notice to plaintiff but did not receive a response. *Id.* Defendant Lakewood Towing also submits mail receipts as exhibits, to which it states "we mailed notice to the owner, attached hereto as Exhibit A." *Id.* at 1. The Court notes, however, that defendant does not submit the actual notice mailed to plaintiff, defendant only provides copies of mail receipts. *See* Dkt. 31 at 4-9. Defendant Lakewood Towing does not dispute that it sold plaintiff's vehicle on January 8, 2015. *See id.* at 1, Exhibit B (affidavit of sale).

## PROCEDURAL HISTORY

On August 21, 2015, the Court entered a Pretrial Scheduling Order. Dkt. 27. Consistent with that order, the deadlines for the completion of discovery and for the filing of dispositive motions do not expire until February 20, 2016 and March 20, 2016, respectively. *Id.*

On September 21, 2015, defendant Lakewood Towing filed its motion for summary judgment. Dkt. 30. Although defendant's motion was docketed as a "cross motion for summary judgment," at the time defendant's motion was filed, there were no other pending

1  motions for summary judgment. Further, defendant titles its pleading as a "motion for summary
2  judgment." Thus, the Court does not treat defendant's motion as a cross-motion for summary
3  judgment, but simply as a motion for summary judgment.
4         Defendant Lakewood Towing also filed a declaration of Ron Eaton (Dkt. 31), findings of
5  fact and conclusions of law (Dkt. 32) and a declaration of Gwendolyn Johnson (Dkt. 42).
6  Plaintiff filed a response to defendant Lakewood Towing's statement of undisputed facts (Dkt.
7  38) and an affidavit in opposition (Dkt. 39).
8         On September 28, 2015, plaintiff filed a motion to voluntarily dismiss defendant
9  Reeseburg. Dkt. 35. A report and recommendation on plaintiff's motion to dismiss remains
10 pending. Dkt. 43.
11        On October 9, 2015, plaintiff filed a motion for summary judgment against Lakewood
12 Towing, which the Court interprets as a cross-motion for summary judgment. Dkt. 40. Plaintiff
13 relies on an affidavit, a copy of defendant Lakewood Towing's business license, defendant
14 Lakewood Towing's response to plaintiff's request for production, Declaration of Ron Eaton,
15 Affidavit of Sale, and a statement of undisputed facts. Dkt. 40, 40-1, 40-2. Defendant Lakewood
16 Towing did not file a response to plaintiff's motion.
17        The Court notes that the declaration of Gwendolyn Johnson was filed by defendant
18 Lakewood Towing on October 27, 2015 and it is unclear whether this declaration is meant to
19 serve as a reply to plaintiff's response (Dkt. 38) or in support for defendant's motion (Dkt. 30).

**STANDARD OF REVIEW**

21        Summary judgment is to be granted where "the movant shows that there is no genuine
22 dispute as to any material fact and the movant is entitled to judgment as a matter of law."
23 Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In this way, the

summary judgment vehicle serves "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp.*, 477 U.S. at 323-24 (*citing* Fed. R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to produce sufficient evidence to establish that a genuine dispute as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (1994) (internal citations omitted).

## DISCUSSION

The Court construes plaintiff's claims against defendant Lakewood Towing to allege that the seizure and selling of plaintiff's vehicle violated his Fifth (protection from a government taking without due process) and Fourteenth Amendment (due process) rights.

The Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. Plaintiff may not bring a § 1983 action

REPORT AND RECOMMENDATION - 5

alleging a takings violation unless he has unsuccessfully attempted to obtain just compensation through state mechanisms. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 195 (1985). The Supreme Court has explained that "because the Fifth Amendment proscribes takings *without just compensation,* no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *Id.* at 195, fn. 13 (emphasis in original).

The Fourteenth Amendment provides, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Constitution's due process guarantee generally "requires some kind of hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). However, when a prisoner alleges an intentional or negligent deprivation of his property by an unauthorized action by a person acting under color of state law, there is no violation of procedural due process if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (negligent deprivations of property). Under Washington law, a plaintiff may file a tort claim and a civil action against the state of Washington for the unlawful loss or destruction of his personal property. RCW 72.02.045 (state and/or state officials liable for the negligent or intentional loss of inmate property); RCW 4.92.090.-.100 (state liable for the tortious conduct of state officials and employees); *see also Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986) (state of Washington provides a meaningful remedy for the loss of an inmate's property by state officials).

//

**A. Defendant Lakewood Towing's Motion for Summary Judgment (Dkt. 30)**

As an initial matter, the Court notes that defendant Lakewood Towing has failed to cite any case law to support its motion for summary judgment. However, Rule 56 permits the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323-24 (*citing* Fed. R. Civ. P. 56(c)).

Here, plaintiff bears the burden of proof at trial as to whether defendant Lakewood Towing violated plaintiff's rights under the Fifth and Fourteenth Amendments and it is incumbent upon plaintiff to show that he can establish the essential elements to his case. *See id.* In his verified complaint, plaintiff contends that he did not receive notice that his vehicle was being auctioned off because he was incarcerated and that his mother was unable to obtain release of plaintiff's vehicle. Dkt. 29 at 3. Plaintiff does not, however, allege any facts in his sworn complaint or offer any evidence to demonstrate that his Fifth or Fourteenth Amendment rights were violated by defendant Lakewood Towing's seizure and sale of his vehicle.

As to his Fifth Amendment claim, plaintiff has not alleged or offered evidence that he has unsuccessfully sought to challenge the seizure and sale of his car in state court, *see Williamson*, 473 U.S. at 195. With respect to plaintiff's due process claim, plaintiff does not state a cognizable claim under § 1983 because plaintiff has alleged an unauthorized intentional deprivation of his vehicle and Washington state law provides plaintiff an adequate post-deprivation remedy, *see Hudson*, 468 U.S. at 533; RCW 72.02.045; RCW 4.92.090.-.100.

Accordingly, plaintiff has failed to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial and therefore, defendant

Lakewood Towing is entitled to judgment as a matter of law. Accordingly, the Court recommends that defendant Lakewood Towing's motion for summary judgment be granted.

### B. Plaintiff's Cross-Motion for Summary Judgment (Dkt. 40)

Although plaintiff's motion for summary is supported by an affidavit, there is no legal basis to grant summary judgment at this time on plaintiff's Fifth and Fourteenth Amendment claims. As stated above, plaintiff does not allege any facts in his sworn complaint or offer any evidence to demonstrate that his Fifth or Fourteenth Amendment rights were violated by defendant Lakewood Towing's seizure and sale of his vehicle. Plaintiff has not alleged or offered evidence that he has unsuccessfully sought to challenge the seizure and sale of his car in state court, *see Williamson,* 473 U.S. at 195, and Washington state law provides plaintiff an adequate post-deprivation remedy, *see Hudson*, 468 U.S. at 533; RCW 72.02.045; RCW 4.92.090.-.100.

When a movant has failed to meet the initial burden, summary judgment should be denied regardless of the nonmovant's response. *Little,* 37 F.3d at 1075; *Nissan Fire,* 210 F.3d at 1102–03. Although defendant Lakewood Towing has not filed a response to plaintiff's motion and fails to refute the facts provided by plaintiff, plaintiff does not present undisputed facts as to the essential elements of his claims and at this time, and there is no legal basis for plaintiff's cross-motion for summary judgment. Plaintiff is not entitled to judgment as a matter of law under Rule 56. Therefore, the Court recommends that plaintiff's cross-motion for summary judgment (Dkt. 40) be denied.

### CONCLUSION

This report and recommendation recommends granting defendant Lakewood Towing's motion for summary judgment (Dkt. 30) and denying plaintiff's cross-motion for summary judgment (Dkt. 40).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 4, 2015**, as noted in the caption.

Dated this 12th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge